■ In the Matter of the Claim of MORRIS GLASSMITH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant for benefits on the ground that he voluntarily separated from his employment without good cause (Labor Law, § 593, subd. 1) by provoking his discharge. The board found that claimant, employed as a ticket taker at a movie theater, was admonished on a number of occasions for his violations of rules regarding personal appearance, attire and courtesy; and held that although the evidence of these infractions " in and of itself is not sufficient to sustain the determination of provoked discharge, nevertheless    *    *    * absence from his post to converse with the cashier was direct contravention of the employer's rule", promulgated to prevent collusive peculations. The board found further, that claimant knew the rule and knew or should have known that a violation thereof would precipitate his discharge; and that, however innocent claimant's purpose in going to the cashier's booth, the employer had the right to fix standards of conduct and to require compliance with them. " When claimant made the choice, amounting to an election not to meet a condition of the work, he became separated from his employment by his own choice, and it must be deemed within the fact-finding power of the board to determine, under the particular circumstances, that the separation was a voluntary one." (*Matter of Karman* [*Lubin*], 2 A D 2d 626, 627; *Matter of Lewis* [*Catherwood*], 25 A D 2d 473.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Brink, JJ., concur.